**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CLIO HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10080 (BLS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, Chapter 7 Trustee of Clio Holdings, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>TOLL BROS., INC.,<br><br>Defendant. | Adv. Proc. No. 21-51019 (BLS) |

**AMENDED COMPLAINT**

Plaintiff Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the estates of Clio Holdings, LLC, *et al.* (collectively, the "Debtors"), by and through his undersigned special litigation counsel, hereby avers for his complaint against Toll Bros., Inc. ("Defendant"), upon knowledge as to his own actions and upon information and belief as to the actions of others as follows:

[1] The Debtors in these Chapter 7 cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: Clio Holdings, LLC (7850); Clio Intermediate, LLC (2791); Top Master Acquisition, LLC (2670); Granite Source Acquisition, LLC (1334); Solid Surfaces, Inc. (7057); USM Acquisition, LLC (8119); Premier Surfaces Acquisition, LLC (4563).

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders with respect to the relief sought herein.

3. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

4. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

5. The Trustee is the duly appointed Chapter 7 Trustee for the Debtors and the Debtors' estates.

6. Upon information and belief, Defendant is, and at all relevant times was, a Delaware corporation.

7. Upon information and belief, Defendant has a mailing address of 1140 Virginia Drive, Fort Washington, PA 19034.

## FACTUAL ALLEGATIONS

8. On January 15, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing these chapter 7 bankruptcy cases (the "Chapter 7 Cases").

9. On the Petition Date, the Trustee was appointed as Chapter 7 Trustee.

10. On January 24, 2020, the Bankruptcy Court entered an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only, with Case No. 20-10080 (BLS) (Clio Holdings, LLC, *et al.*) designated as the lead case [D.I. 13].

11. On February 5, 2020, a meeting of creditors was held pursuant to section 341(a) of the Bankruptcy Code.

12. On April 30, 2020, each of the Debtors filed its Schedules of Assets and Liabilities and Statements of Financial Affairs [D.I. 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143].

13. Prior to the Petition Date, the Debtors were companies engaged in the business of selling, fabricating and installing countertops. The Debtors operated in four geographic regions, including the Mid-Atlantic (Granite Source Acquisition LLC – Virginia), the Midwest (Top Master Acquisition LLC – Iowa, Kansas, Minnesota, Missouri and Nebraska; USM Acquisition, LLC – Michigan and Tennessee; Clio Holdings LLC – Minnesota), the Northeast (Solid Surfaces, Inc. – New York) and the Southeast (Premier Surfaces Acquisition LLC – Alabama, Georgia and Tennessee), with several warehouses, fabrication locations and various store-fronts in approximately 17 locations.

14. Clio Holdings, LLC, Clio Intermediate, LLC, Top Master Acquisition, LLC, Granite Source Acquisition, LLC, USM Acquisition, LLC and Premier Surfaces Acquisition, LLC are Delaware entities. Solid Surfaces, Inc. is a New York entity. The Debtors are all affiliates.

15. Following his appointment, the Trustee undertook an investigation into, among other things, the Debtors' business and financial affairs, and this Complaint is a result thereof.

16. Prior to the Petition Date, the parties agreed that Granite Source Acquisition, LLC and/or one or more of the Debtors would provide goods and services to Defendant in exchange for an agreed-upon amount in payment from Defendant.

17. Thereafter, Granite Source Acquisition, LLC and/or one or more of the Debtors provided the agreed-upon goods and services to Defendant.

18. Upon information and belief, Defendant received invoices and/or bills sent by the Debtors requesting payment for the rendered goods and services.

19. Despite receiving the rendered (and agreed-upon) goods and services as well as an invoice and/or bill requesting payment, Defendant has failed to make full payment.

20. Based upon the Debtors' books and records, Defendant owes the Debtors' estates no less than $167,689.16 for the goods and services rendered by Granite Source Acquisition, LLC and/or one or more of the Debtors.

## CLAIM FOR RELIEF

### Count I
### (Payment for Services Rendered)

21. The Trustee re-incorporates the foregoing paragraphs as if fully re-stated herein.

22. Defendant agreed that Granite Source Acquisition, LLC and/or one or more of the Debtors would provide goods and services to Defendant in exchange for which Defendant agreed to pay a certain sum to the Debtors.

23. Defendant received the agreed-upon goods and services from Granite Source Acquisition, LLC and/or one or more of the Debtors.

24. Despite receiving invoices and/or bills requesting payment, Defendant has failed to make full payment of the amount owed to the Debtors.

25. The Debtors and their estates were damaged by Defendant's failure to pay for the rendered goods and services in the amount of no less than $167,689.16.

## PRAYER FOR RELIEF

**WHEREFORE** the Trustee, on behalf of the Debtors' estates, requests that the Bankruptcy Court enter judgment in his favor and against Defendant awarding no less than $167,689.16 plus pre- and post-judgment interest and such other and further relief as the Bankruptcy Court deems just and proper.

Dated: September 10, 2021

**ASHBY & GEDDES, P.A.**

*/s/ Stacy L. Newman*
Don A. Beskrone (#4380)
Stacy L. Newman (#5044)
Katharina Earle (#6348)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email: dbeskrone@ashbygeddes.com
snewman@ashbygeddes.com
kearle@ashbygeddes.com

*Special Litigation Counsel for Alfred T. Giuliano, Chapter 7 Trustee*